**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOSE ALBERTO GUTIERREZ,** | § | |
| **TDCJ-CID NO. 1523604,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-10-047** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jose Alberto Gutierrez, an inmate of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 (Docket Entry No. 1), challenging a state court conviction and an associated

parole revocation.  The respondent filed a motion for summary judgment (Docket Entry No. 40).

After considering the motion, Gutierrez's pleadings, the record, and the applicable law, the court

will grant the respondent's motion and dismiss the habeas petition.

**I. Procedural History**

Pursuant to a plea bargain agreement, Gutierrez entered a guilty plea to driving while

intoxicated (DWI), enhanced, and the trial court sentenced him to twenty years in prison.  *State v.*

*Gutierrez*, No. 2008CR1186 (290th Dist. Ct., Bexar County, Tex., Aug. 6, 2008).   Subsequently,

Gutierrez's parole for a prior enhanced DWI was revoked at a TDCJ-CID hearing held at Willacy

County State Jail.

Gutierrez filed an appeal which the Court of Appeals for the Fourth Judicial District of

Texas dismissed  because Gutierrez had no right to an appeal after having pled guilty pursuant to

plea bargain agreement . *Gutierrez v. State*, No. 04-08-00655-CR, 2008 WL 4596571 (Tex.App.-San Antonio Oct 15, 2008, no pet).  Gutierrez filed an application for a state writ of habeas corpus. The Texas Court of Criminal Appeals dismissed the first application because it had been filed while the appeal was still pending. *Ex parte Gutierrez*, No. 70,885-01 (Tx. Crim. App. Nov. 5, 2008). Gutierrez then filed a second application which the Court of Criminal Appeals denied, without a written order on findings of the trial court. *Ex parte Gutierrez*, No. 70,885-03 (Tx. Crim. App. Mar. 17, 2010).   Gutierrez then filed the current pending federal habeas action with this court.

## II. Claims for Relief

Gutierrez makes the following claims:

1.      Gutierrez was arrested without a warrant and without probable cause.

2.      Gutierrez's guilty plea was coerced and made under duress because his attorney had a conflict of interest and his sentence did not comply with the terms of his plea bargain.

3.      Gutierrez's due process rights and equal protection rights were violated because he was not informed of his *Miranda* rights or "magistrated"[1] when he was arrested nor were his charges presented to a grand jury, and the state failed to present evidence of Gutierrez's habitual offender status.

4.      Gutierrez was subjected to malicious prosecution.

5.      Gutierrez's trial attorney was ineffective because he had a conflict of interest and engaged in misconduct.

6.      Gutierrez was denied effective assistance of counsel on appeal because his appellate attorney failed to investigate the case and filed an *Anders* brief.

_____

[1] Magistrate has been used as a verb by the Texas courts in published opinions as well by the petitioner, the state courts and the respondent in this proceeding.  *See e.g. Martinez v. State* 337 S.W.3d 446, 459 (Tex.App.–Eastland, 2011); *Pecina v. State* 326 S.W.3d 249, 271 (Tex.App.–Fort Worth, 2010).  *See also* Castilla v. County of Bexar, Tex., No. SA–10–CV–0724 XR, 2011 WL 2084173, 2 (W.D.Tex. May 20, 2011).  *See also* State Court's Findings of Fact, Docket Entry No. 22-2 at 68, "Applicant was magistrated."

7.     Gutierrez's due process and equal protection rights were violated because he was denied a preliminary hearing prior to his parole revocation.  He was also denied the right to cross-examine witnesses at the revocation hearing and there was insufficient evidence to uphold the revocation.

8.     Gutierrez is actually innocent.

Petition, Docket Entry No. 1, at 13-17.

## III. <u>The Applicable Legal Standards</u>

Gutierrez's petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), *citing Lindh v. Murphy*, 117 S.Ct. 2059, 2068 (1997).  A federal habeas petitioner challenging a state court decision is not entitled to relief unless the state court judgment:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002), *citing Williams v. Taylor*, 120 S.Ct. 1495, 1518 (2000).  A state court's decision is "contrary to" the Supreme Court's clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Early v. Packer*, 123 S.Ct. 362, 365 (2002)*, quoting Williams,* 120 S.Ct. 1495,  1519-

1520 (2000). An incorrect application of federal law is not necessarily an unreasonable application. *Pape v. Thaler*, 645 F.3d 281,__, 2011 WL 2476437, *2 (5th Cir. 2011), *citing Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). "An unreasonable application of clearly established federal law 'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts' of a case." *Id.*, *quoting Williams*, 120 S.Ct. 1495, 1523 (2000). Therefore, a state court's application may be reasonable even if it is erroneous. *Id.* Habeas relief should only be granted where the state court decision is both incorrect and objectively unreasonable. *Martin v. Cain*, 246 F.3d 471, 476 (5th Cir. 2001), *citing Williams*, at 1521.

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party

must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986).

The AEDPA "overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). A federal habeas court must also presume the underlying factual determinations of the state court to be correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 123 S.Ct. 1029, 1042 (2003).[2] A habeas petitioner cannot rely on "bald assertions on a critical issue in his pro se petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Under 28 U.S.C. § 2254(d)(2) "a decision adjudicated on the merits in a state court and based on a

---

2. "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) ("As a federal habeas court, we are bound by the state habeas court's factual findings, both implicit and explicit."); *Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997) (findings of fact can be implied from explicit conclusions of law).

factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller-El*, 123 S.Ct. at 1041.

## IV. <u>Analysis</u>

### A. <u>Gutierrez's Arrest</u>

Gutierrez contends that his arrest was unconstitutional because it was made without a warrant and without probable cause. Gutierrez attached a copy of the Offense/Incident Report (Docket Entry No. 1-5) which documented the circumstances of his arrest which apparently was made without a warrant. If a police officer does not have a warrant, the arrest must be based on probable cause which exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *Michigan v. DeFillippo*, 99 S.Ct. 2627, 2631 (1979); *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). The Offense/Incident Report indicates that the arresting officer observed that Gutierrez was "very, very drunk" and that he had admitted that he "had just crashed the car" (Docket Entry No. 1-5 at 1). Moreover, the vehicle operated by Gutierrez had a large quantity of beer. *Id.* The police officer then subjected Gutierrez to a sobriety test which he failed. *Id.* Finally, the police officer did a background inquiry which revealed that Gutierrez's driver's license was expired and that he had three prior DWI convictions. *Id.* The facts in the Report submitted by Gutierrez indicate that there was sufficient cause to arrest him. *See Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir. 1995).

Aside from the fact that there was probable cause to make the arrest, Gutierrez waived the issue when he entered his guilty plea in court. Declarations of guilt in open court carry a strong presumption of truth. *Lott v. Hargett*, 80 F.3d 161, 167-68 (5th Cir. 1996), *citing Blackledge v.*

*Allison*, 97 S.Ct. 1621, 1629 (1977).   Moreover, Gutierrez's guilty plea waived any challenge to the validity of his arrest.  *United States v. Gibson*, 204 Fed.Appx. 388, 389, 2006 WL 3102584, 1 (5th Cir. 2006), *citing United States v. Hanyard,* 762 F.2d 1226, 1229-30 (5th Cir.1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)   ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant.").  The only claims that may be raised on appeal are those relating to the knowing and voluntary nature of the guilty plea.  *Glinsey.* As will be discussed in the next section, Gutierrez's plea was knowing and voluntary.  Therefore, the claim regarding the arrest is subject to dismissal.

B. Guilty Plea - Knowing and Voluntary

Two attorneys represented Gutierrez during the proceedings in Cause No. 2008CR1186. One of the attorneys, Edward Shaughnessy, was serving as a part-time magistrate while he was representing Gutierrez.  *See* "Letter from Shaughnessy to Chief  Disciplinary Counsel," Docket Entry No. 1-8 at 3.  Gutierrez argues that Shaughnessy had a conflict of interest which rendered ineffective his performance as counsel.  He further argues that his plea was not knowing and voluntary and was coerced due to Shaughnessy's ineffective representation (Docket Entry No. 1 at 14).

Among the records submitted by the State is an affidavit by the District Clerk Manager of Bexar County stating that Shaughnessy did not sit as magistrate for Gutierrez's proceedings (Docket Entry No. 21-23 at 70-71).  Another magistrate, Roland Ramos, served in that capacity.  *Id*. Thereafter, the trial court entered an Order which included a Findings of Fact and Conclusions of Law (Docket Entry No. 21-23 at 72-77).  The trial court found that Gutierrez's claims regarding Shaughnessy's effectiveness and the alleged failure to magistrate him had no merit.  *Id.* at 75.  After

-7-

ordering further investigation regarding Gutierrez's claims, the Texas Court of Criminal Appeals denied the state habeas application after receiving the trial court's findings (Docket Entry No. 20-20 at 2).  The state court's factual findings are presumed to be correct.

A federal habeas court must presume the underlying factual determinations of the state court to be correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 123 S.Ct. 1029, 1042 (2003). *See also Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004).  The trial records show that Gutierrez signed a form entitled "Court's Admonishment and Defendant's Waivers and Affidavits of Admonitions."  Docket Entry No. 21-25, at 24-27.  The form cites the range of punishment for the offense and Gutierrez's rights as a defendant.  *Id.*  It also includes a declaration that Gutierrez understood his rights and that he was pleading guilty because he was guilty and for no other reason. *Id.* at 26.  The form further includes a denial that Gutierrez had been "threatened, coerced or placed in fear by any person" in order to make him enter his guilty plea.  *Id.*  There is also a Plea Bargain Agreement - 3rd or More/Repeater, signed by Gutierrez,  acknowledging that he had been previously convicted of one or more felonies for enhancement purposes and that the punishment cap was twenty years in TDCJ-CID (Docket Entry No. 12-25 at 28).  Gutierrez acknowledged that there was no application for community supervision or deferred adjudication.  *Id.*  In addition, Gutierrez signed a "Waiver, Consent to Stipulation of Testimony and Stipulations" (Docket Entry No. 21-25 at 30-32) in which he declared that he understood his rights against self-incrimination, and the confrontation and cross-examination of witnesses and that he chose to waive them.   Moreover, he confessed that he operated a motor vehicle while intoxicated and that on two prior occasions he had been convicted of driving while intoxicated.  *Id.* at 31.  He also admitted that he had been convicted of felony "DWI

3rd or More" on two prior occasions. *Id.* The state court records of Gutierrez's statements and waivers are entitled to a presumption of correctness under the provisions of 28 U.S.C. § 2254. *Blackledge*, 97 S.Ct. at 1629; *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

Upon first receiving the state application for a writ of habeas corpus, the Court of Criminal Appeals sought more information regarding Gutierrez's allegation that he was denied effective assistance of counsel which rendered his plea involuntary (*See* Docket Entry No. 20-2). On October 7, 2009, the high court issued an Order instructing the trial court to order the trial counsel (Shaughnessy) to submit an affidavit concerning the terms of the plea and Gutierrez's understanding of the terms. *Id.* On November 5, 2009, Shaughnessy submitted a Verification which set forth the facts relating to Gutierrez's offense and his representation of Gutierrez in the court proceedings (Docket Entry No. 20-16 at 5-6). Shaughnessy stated that Gutierrez had been charged with DWI, third offense, enhanced by two prior felony DWIs. *Id.* As a consequence of his record of chronic drunk driving, Gutierrez was facing a punishment range of twenty-five years to life if he were to be convicted as charged. *Id. See also* TEX. PEN. CODE § 12.42(d) (West 2011); *Harris v. State*, 204 S.W.3d 19 (Tex. App. – Houston [14th Dist.] 2006). While consulting with Gutierrez about the case, Shaughnessy discovered that his client failed to grasp the implication of the evidence against him and the legal consequences of the charges (Docket Entry No. 20-16 at 5). Nonetheless, Shaughnessy negotiated an offer from the prosecutor for eight years in exchange for a guilty plea. *Id.* However, Gutierrez rejected the terms of the plea against Shaughnessy's advice, and the case was eventually reset for trial. *Id.*

Having been previously rebuffed by Gutierrez, the prosecutor made a subsequent offer on the day the case was to go to trial. *Id.* This time, the terms were for a twenty year "cap" with an

opportunity for Gutierrez to apply for community supervision while the prosecution sought 20 years. Gutierrez agreed to the bargain, entered a guilty plea, and applied for community supervision which entailed a Pre-Sentence Investigation (PSI) hearing.  After the PSI hearing, Gutierrez's application was rejected, and the trial court sentenced him to twenty years in TDCJ-CID.  *Id.*  Shaughnessy expressly denied Gutierrez's allegation in his state habeas application that Shaughnessy had advised him that the terms of the plea agreement were for a six month drug treatment program.  *Id.*  He asserted that Gutierrez fully understood the terms of both the rejected and accepted plea bargain offers. *Id.* at 6.  Shaughnessy further opined that Gutierrez's allegations were the result of his regret over having to accept a twenty year sentence after rejecting a less onerous eight year sentence.  *Id.*

After receiving Shaughnessy's statement, the trial court entered its findings that there was no merit to Gutierrez's conflict of interest allegations and that Gutierrez had been magistrated by an individual other than Shaughnessy (Docket Entry No. 20-1) at 75.  The court also found that there was no merit to Gutierrez's allegations that Shaughnessy had a conflict of interest due to his position as a magistrate and that Shaughnessy had denied ever advising Gutierrez that the plea bargain was for a six-month drug treatment program.  *Id.*  Consequently, the trial court recommended denial of the writ application.  The Court of Criminal Appeals denied the application based on the trial court's findings.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.2000).

This court will uphold Gutierrez's guilty plea if it was entered into knowingly, voluntarily, and intelligently.  *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000).  The record indicates that Gutierrez had been fully advised of the charges he was facing and the options available to him.  His formal declarations in court undermine his claim that his plea was involuntary. *Lott v. Hargett*, 80 F.3d at 167-68.  Gutierrez's unsupported allegation that he was coerced or that he may have been

promised a lighter sentence does not defeat the evidence contained in the trial record. *Byrne v. Butler* 845 F.2d 501, 513 (5th Cir. 1988). There is nothing in the record to indicate that Gutierrez was coerced or otherwise wrongfully induced to accept the plea offer; therefore his claim shall be denied. *Bond v. Dretke*, 384 F.3d 166, 168 (5th 2004).

  C.  Due Process Rights and Equal Protection Rights

   Gutierrez complains that his due process rights and equal protection rights were violated. He alleges that he did not appear before a magistrate and was not informed about his rights pursuant to *Miranda v. Arizona*, 86 S.Ct. 1602 (1966) (Docket Entry No. 1 at 14). He further asserts that no charges were presented to a grand jury and that there was insufficient evidence to convict him as a habitual offender. *Id.*

   As noted above, the habeas record establishes that he was brought before a magistrate who was not Shaughnessy. *See* Docket Entry No. 20-1 at 74-75; Docket Entry No. 22-2 at 71-72. Moreover, Gutierrez's voluntary guilty plea waives his nonjursidictional challenges. *Glinsey*, 209 F.3d at 392. There is no evidentiary support for Gutierrez's allegations that some of the documents are forgeries and such a claim is subject to dismissal as conclusory. *See Ross*, 694 F.2d 1011-12.

   The clear contradiction between Gutierrez's allegations and the well documented record may be explained by Shaughnessy's description of Gutierrez suffering from the "delusional thinking of a chronic drunk who regrets" the choices he made (Docket Entry No. 20-16 at 6). Regardless, Gutierrez's due process and equal protection claims should be dismissed due to his guilty plea. Among the constitutional rights waived when a defendant voluntarily pleads guilty is the privilege against self-incrimination as well as the right to be brought before a magistrate. *Godinez v. Moran*, 113 S.Ct. 2680, 2685 n.7 (1993); *United States v. Taylor*, 814 F.2d 172, 174 (5th

Cir. 1987), *citing United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984).*Godinez v. Moran*, 113 S.Ct. 2680, 2685 n.7 (1993). Further, a defendant waives his right to have the charges presented to a grand jury. *United States v. Boniface*, 631 F.2d 1228, 1229 (5th Cir. 1980). Gutierrez's argument that there was insufficient evidence to convict him as a habitual offender also has no basis. He signed a waiver admitting four prior DWI convictions (Docket Entry No. 21-25 at 30-32). Moreover, he waived this challenge by entering his guilty plea. *United States. v. Viscome,* 144 F.3d 1365, 1370 (11th Cir. 1998). Therefore, Gutierrez's claims regarding the alleged nonjurisdictional defects shall be denied.

D. <u>Malicious Prosecution</u>

Gutierrez contends that his conviction was the result of malicious prosecution (Docket Entry No. 1 at 14). Gutierrez uses the term "malicious prosecution" loosely to argue that he was wrongly convicted; however, there is no freestanding constitutional right to be free from malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Malicious prosecution generally occurs when someone instigates a criminal proceeding against an innocent person without probable cause or legitimate purpose. *Id*. Termination of the proceedings in favor of the defendant is a required element of the civil tort. *Id.* It must also be shown that the person who sought the prosecution acted with malice and that the proceedings damaged the innocent person who was charged. *Izen v. Catalina*, 256 F.3d 324, 328 (5th Cir.2001), *citing Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994). Gutierrez fails to establish the elements of this claim. Moreover, he provides no support beyond his conclusory allegations which have no weight in this summary judgment proceeding. *Byrne v. Butler,* 845 F.2d 501, 513 (5th Cir. 1988). Therefore, Gutierrez's claim that he was subject to malicious prosecution shall be denied.

E. Ineffective Assistance of Trial Counsel

Gutierrez contends that his trial attorney was ineffective because allegedly he engaged in misconduct and had a conflict of interest due to his position as a magistrate. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984). To establish ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and prejudice resulting from that deficiency. *See Strickland*, at 2064. Moreover, the petitioner has the burden of proving both elements. *United States v. Chavez*, 193 F.3d 375, 378-79 (5th Cir. 1999), *citing Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994).

If a defendant voluntarily pleads guilty after being properly advised by his counsel, he may not collaterally attack his conviction. *Bousley v. United States*, 118 S.Ct. 1604, 1610 (1998). However, if a defendant is not advised or aware of the maximum range of punishment that he may face, his plea is not voluntary. *Glinsey*, 209 F.3d at 392; *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995). The record in this case shows Gutierrez was advised about and aware of the punishment range for the DWI offense (Docket Entry No. 21-25, at 24). Moreover, he stated that his attorney had advised him and that he was fully aware of his rights. *Id.* at 27.

Gutierrez contends that Shaughnessy's position as magistrate created a conflict of interest; however, the record shows that another magistrate presided at his hearing (Docket Entry No. 21-23 at 70-71). To prevail on an ineffective assistance counsel claim based on a conflict of interest, a habeas petitioner must show that his attorney failed to pursue some plausible defense strategy or tactic due to the conflict of interest. *See Beathard v. Johnson*, 177 F.3d 340, 346 (5th Cir. 1999), *citing Perillo v. Johnson*, 79 F.3d 441, 449 (5th Cir.1996). Gutierrez has failed to make such a

-13-

showing.  To the contrary, it has been shown that Gutierrez rejected an eight year offer negotiated by Shaughnessy only to accept a much worse deal when the criminal action was set for trial.  If Gutierrez agreed to the twenty year sentence only to avoid a harsher punishment, it would not render his plea involuntary.  *Starling v. Estelle*, 651 F.2d 1082 (5th Cir. 1981).  Gutierrez failed to show that his trial attorney acted improperly or that he was in any way prejudiced by Shaughnessy's performance.  Consequently, his ineffective assistance of trial counsel shall be denied.  *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

      F.  <u>Ineffective Assistance of Appellate Counsel</u>

      Gutierrez complains that his attorney on appeal was ineffective because he failed to investigate the case and instead filed a brief pursuant to *Anders v. California,* 87 S.Ct. 1396 (1967) (Docket Entry No. 1 at 14). A criminal defendant has a constitutional right to counsel on appeal if such appeal is available, but he does not have a constitutional right to appeal the criminal judgment and sentence itself.  *United States v. Burns*, 433 F.3d 442, 449 (5th Cir. 2005); *see also Able v. Bacarisse*, 131 F.3d 1141, 1143 (5th Cir. 1998) ("The right to appeal is a statutory right, not a constitutional right."), *quoting United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) . Gutierrez had a right to appeal under Texas law, but he forfeited that right when he entered his guilty plea.  *See Gutierrez v. State*, 2008 WL 4596571 at *1, *citing* TEX.R.APP. P. 25.2(d). Consequently, the San Antonio Court of Appeals was required to dismiss the appeal pursuant to the Texas Rules of Appellate Procedure.  *Id.*

      Gutierrez's appellate counsel filed the *Anders* brief because she determined that there was no basis for the appeal.  A reviewing court cannot fault an appellate counsel for not raising meritless claims.  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  Gutierrez does not present

any evidence which supports his claim that his counsel on appeal was ineffective. Moreover, his argument is generally incoherent and does not present any discernable issue which should have had some merit on appeal. Consequently, he has not shown how his appellate counsel's performance impaired his appeal, and this issue shall be denied. *See Smith v. Robbins*, 120 S.Ct. 746, 764 (2000).

G. <u>Parole Revocation</u>

Gutierrez contends that his due process and equal protection rights were violated during the parole revocation process because he was not afforded a preliminary hearing nor was he allowed to cross-examine witnesses at the revocation hearing. He also claims that there was insufficient evidence to support the revocation. It is well established that a parole revocation proceeding differs from a criminal trial and a parolee does not have the same rights that a criminal defendant enjoys. *Morrissey v. Brewer*, 92 S.Ct. 2593, 2600 (1972). Gutierrez was entitled to the following during his revocation proceeding:

(1) written notice of the alleged parole violations,

(2) disclosure of the evidence against him,

(3) an opportunity to be heard personally and to present evidence,

(4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation),

(5) a hearing before a neutral and detached body, and

(6) a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole.

*Barnes v. Johnson*, 184 F.3d 451 (5th Cir. 1999), *citing Morrissey.*

The records in this proceeding, which include the written Revocation Report (Docket Entry No. 41-1) submitted by the respondent and an audio recording of the revocation (Docket Entry No.

53) hearing submitted by Gutierrez, indicate compliance with Gutierrez's rights. Gutierrez attended a hearing, with counsel, on November 7, 2008. *Id.* He was notified that he was charged with violating the conditions of his release by committing the DWI offense for which he had been sentenced to twenty years in TDCJ-CID in the 290th State District Court of Bexar County, Texas. *Id.* Gutierrez gave testimony objecting to the charge by claiming that he was not guilty of the DWI offense which was not final because it was on appeal although he admitted that he was accountable for theft of a vehicle. *Id.* (audio record). He also denied that there were any open containers in the car or that he had been given any sobriety tests. *Id.* He subsequently admitted that he pled guilty to the DWI charge although he insisted that he was pressured to enter the plea to avoid a harsher sentence. *Id.* The hearing officer, whose neutrality is not disputed by Gutierrez, found that there was a preponderance of evidence, including records of Gutierrez's arrest, that Gutierrez had violated his parole. *Id.* Gutierrez did not call for any witnesses nor did he raise any objections during the hearing. *Id.*

There is no legal support for Gutierrez's complaint that he was denied a preliminary hearing because his revocation was based on his subsequent DWI conviction (Docket Entry No. 41-1 at 4) which obviates the need for such a hearing. *Moody v. Daggett*, 97 S.Ct. 274, 278 n.7 (1977). Moreover, there was sufficient evidence to uphold the revocation regardless of whether there was a final conviction. *See Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir.1993). Finally, there is no evidence to support Gutierrez's allegation that he was denied the right to cross-examine any witnesses. *See Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988). Therefore, Gutierrez's challenge to the parole revocation shall be denied.

-16-

H. Actual Innocence

Gutierrez contends that he is actually innocent of the 2008 DWI offense that he is challenging in this habeas proceeding.  Gutierrez pled guilty to the charge and explicitly stated that his plea was voluntary.  Consequently, he has waived all nonjurisdictional defects in the criminal proceedings against him when he entered his guilty plea.  *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991).   Nonjurisdictional defects include claims of actual innocence.  *United States v. Pickens,* 201 Fed.Appx. 143, 145 (4th Cir. 2006), *citing Tollett v. Henderson,* 93 S.Ct. 1602, 1607-1608 (1973); *United States v. Willis,* 992 F.2d 489, 490 (4th Cir. 1993).  *See also  United States. v. Viscome,* 144 F.3d 1365, 1370 (11th Cir. 1998), *citing United States v. Fairchild,* 803 F.2d 1121, 1124 (11th Cir.1986).

Gutierrez has failed to offer any credible evidence, not presented at trial, which would prove to a reasonable juror that he was innocent of the charge.  *See Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998), *citing  Schlup v. Delo,*  115 S.Ct. 851, 867-868 (1995).  Moreover, a claim of actual innocence is not actionable without a showing of an independent constitutional violation in the underlying conviction.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998).  Gutierrez has made no such showing and his claim of actual innocence shall be denied.

Based on the above findings and conclusions, the court determines that the Motion for Summary Judgment (Docket Entry No. 40) should be granted and that the Petition for Writ of Habeas Corpus filed in this action should be dismissed because Gutierrez has failed to show that he is entitled to federal habeas relief.

## V. **Gutierrez's Motions**

Gutierrez has filed a one-page Motion for Summary Judgment (Docket Entry No. 37) which shall be denied because it is not supported by any evidence. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).   He has also filed a Motion for Default Judgment (Docket Entry No. 38) which shall be denied because such a drastic remedy is not warranted in this case where the respondent has not been derelict in complying with the court's orders. *See  Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001).

Gutierrez has filed various discovery motions including a Motion for Leave to Take Habeas Deposition by Telephone (Docket Entry No. 48), Motion for Production of Documents (Docket Entry No. 52), Motion for Leave to Subpoena Petitioner's Audio Parole Records (Docket Entry No. 54), Motion for Leave to Conduct Limited Discovery (Docket Entry No. 57), and Motion to Compel (Docket Entry No. 59).  Gutierrez has submitted various records in support of his habeas challenge including a recording of his parole revocation hearing which indicate that he has had access to his records.  Consequently, the motions shall be denied because Gutierrez's discovery requests are overly broad and unnecessary. *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *Martinez v. Johnson*, 104 F.3d 769, 773 (5th Cir. 1997).

Gutierrez has also filed a Motion for an Evidentiary Hearing (Docket Entry No. 56) which shall be denied because the records are sufficient for the court to make a determination without a live hearing. *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253, Gutierrez needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  To obtain a Certificate of Appealability, Gutierrez must make a substantial showing of the denial of a constitutional right.

*Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002).  To make such a showing, Gutierrez must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Gutierrez has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court **DENIES** the issuance of a Certificate of Appealability in this action.

## VI. Conclusion

The court **ORDERS** the following:

1.. The respondent's Motion for Summary Judgment (Docket Entry No. 40) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED** with prejudice.

3. The petitioner's motions (Docket Entry Nos. 37, 38, 48, 52, 54, 56, 57, and 59) are **DENIED**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 30th day of August, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE